UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JACQUELINE GUARASCIO AND
CHRISTINE WILE, as Legal Representatives
and Guardians of the Person of ANTHONY
GUARASCIO,

                Plaintiff,                            06 Civ. 15185

      -against-

DRAKE ASSOCIATES, INC., THE UNDERWATER
AUTHORITY, a corporation; EIC ASSOCIATES, INC.,
a corporation; and SOUTH JERSEY PORT
CORPORATION, a corporation;

                Defendants.

------------------------------------------------------------x

**MEMORANDUM ORDER DISCUSSING SOUTH JERSEY PORT CORPORATION
FOR LACK OF SUBJECT MATTER JURISDICTION**

McMahon, J.:

      Defendant South Jersey Port Corporation has moved to dismiss this workplace injury tort action as against it on the ground, inter alia, that SJPC is an agency of the State of New Jersey and is not amenable to suit in this court under the Eleventh Amendment and it not a citizen of any state.

      Plaintiff Anthony Guarascio, a resident of Orange County, New York, was a professional diver. He suffered serious brain damage on February 24, 2006, while diving in the Delaware River at Pier 1A Broadway Terminal, Camden, New Jersey. Plaintiff worked for defendant Drake, which was subcontracted by defendant EIC to perform the necessary underwater work. The site of the injury was and is owned by SJPC.

      If SJPC is an agency of the State of New Jersey, as it contends, then plaintiff has no recourse against it in this or any federal court. The State of New Jersey and its constituent entities have consented to suit only as provided in New Jersey's Tort Claims Act, N.J.S.A. 59:1-1 et seq., which mandates that any such suit be brought in in the Superior Court of New Jersey, Camden County. If SJPC is not an agency of the State of New Jersey, then it is amenable to suit in this court. This court has jurisdiction to determine whether SJPC is an agency of the State of New

Jersey, because it is necessary to make a finding on this issue in order decide whether this court has subject matter jurisdiction over SJPC in this action. On a motion to dismiss for lack of subject matter jurisdiction, I do not have to assume the truth plaintiff's allegation that SJPC is a New Jersey corporation. "In resolving the question of jurisdiction, the court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F. 3d 493, 496-97 (2d Cir. 2000).

Determination of a state agency's status as "an arm of the state" is necessarily fact-intensive. In this Circuit, we use for that purpose a six factor test articulated in Mancuso v. New3 York State Thruway Authority, 86 F. 3d 289, 293 (2d Cir. 1996). The six factors are:

(1) how the entity is referred to in the documents that created it;

(2) how the governing members of the entity are appointed;

(3) how the entity is funded;

(4) whether the entity's fuction is traditionally one of local or state government;

(5) whether the state has a veto power over the entity's actions; and

(6) whether the entity's obligations are binding upon the state.

If all these factors point in the same direction, the inquiry is complete. If some favor a finding of state agency status and others do not, a court is to give primacy to protecting the dignity of the State and preserving the State Treasury. As the United States Supreme Court concluded in Hess v. Port authority Trans-Husdon Corp., 513 U.S. 30, 48 (1994), financial liability of the state is "the most salient factor."

Plaintiff, who bears the burden of demonstrating that the court should exercise jurisdiction over SJPC, offers not a shred of evidence tending to demonstrate that SJPC manifests any of the Mancuso factors that would augur in favor of finding that it is not an arm of the State. (Plaintiff asserts that SJPC is not a State agency under the various Mancuso criteria, but does so in conclusory fashion and without any evidentiary support). Nonetheless, plaintiff supplies a compelling piece of evidence that SJPC is not an arm of the State: a letter from a Senior Claims Investigator from the State of New Jersey's Department of the Treasury, Bureau of Risk Management, rejecting a Notice of Claim filed by plaintiff's counsel in compliance with the New Jersey Tort Claims Act, on the ground that SJPC is "a local public entity." (Frankel Aff. Ex. 1)

SJPC notes the absences of Mancuso *evidence* in the record and submits a piece of SJPC stationery on which it identifies SJPC as "An agency of the State of New Jersey." Dismissing the letter addressed to plaintiff as the non-binding opinion of some low-level employee of a different state department, SJPC instead asks this court to rely on a decision of our sister court in the

Eastern District of Pennsylvania, which reached the conclusion that SJPC was in fact immune from suit under the Eleventh Amendment because it was an agency of the State of New Jersey. Sociedad Naviera Marine, S.A. v. South Jersey Port Corporation, 1988 WL 95075 (E.D. Pa. September 12, 1988). In that case, applying factors analogous to the Mancuso factors relied on in this district, Judge Giles concluded that SJPC was in fact an arm of the state and immune from suit under the Eleventh Amendment. Judge Giles noted, inter alia, the following:

(1) SJPC was established by Act of the New Jersey Legislature in 1968. The statute creating the agency states that this "body corporate and politic" within the State Department of Environmental Protection "is hereby constituted as an instrumentality exercising public and essential government functions, and the exercise by the corporation of the pwoers conferred by this act....shall be deemed and held to be an essential governmetal function of the state." N.J. Stat.Ann. § 12:11A-5a (West 1979). It was separately incorporated, but by statute rather than by incorporation.

(2) The State of New Jersey disclaimed certain specific liabilities of the SJPC (notably, to holders of bonds issued by the agency), but did not disclaim general liability of the SJPC, which gives rise to an inference that any judgment against SJPC would have to be satisfied out of state funds. Although SJPC earns its own revenues, it is required by law to hold much of its revenue in variuos reserve funds, and the State of New Jersey is required by statute to insure, without limit, that these reserve funds are properly funded – a function it fulfilled in 1984 to the tune of almost $1.4 million, and in 1985 to the tune of over $2.76 million. Absent those appropriations, the agency would have had to divert money from its Operating Fund (which would be responsible to pay any judgment) to the various Reserves. The court concluded that the statutory funding scheme of the SJPC, requiring mandatory and potentially unlimited payments to the agency from the state, as well as the state's failure to insulate itself from the general liabilities of the agency, were persuasive support for a finding of Eleventh Amendment immunity. The court also concluded that the SJPC did not have the funds or power to satisfy a judgment against it without resort to state funds, based on "the current status and history of the finances of the SJPC." (Id at *6). Plaintiff's argument that SJPC would be indemnified for any judgment by the other defendants has nothing to do with the agency's Eleventh Amendment status; assuming arguendo that SJPC were indemnified (an issue that remains to be determined), the indemnitors could turn out to lack the financial wherewithal to make good that indemnity, which would throw the liability back on the agency (and hence, onto the state).

(3) The enabling statute declares on its face that SJPC performs a State governmental function as part of a State agency. See (1), supra.

(4) The State of New Jersey exercised considerable control over the affairs of SJPC., exempted it from taxes and granted it substantial financial concessions.

Of course, SJPC recognizes that Sociedad Naviera is not binding on this Court. Moreover, in that case, the court had the ability to analyze considerable data about the corporation's activities in order to perform its Mancuso-like analysis. In particular, Judge Giles had before him considerable data about SJPC's finances during the relevant time period. But that

data is now twenty years out of date. This court, by contrast, has been given no data whatever from recent years so as to allow me to draw conclusions about the likelikhood that state funds would have to be used to pay any judgment against SJPC. Apparently no one has taken any jurisdictional discovery in connection with this motion (SJPC is incorrect when it concludes that it would not have to subject itself to jurisdictional discovery) and neither plaintiff nor defendant has compiled a record that would allow the court to do the sort of painstaking and fact-intensive analysis that Judge Giles undertook some two decades ago. I find his reasoning persuasive on the facts before him, but today's facts may not be the same.

SJPC has moved to dismiss. Plaintiff has the burden of establishing jurisdiction. No one has provided me with the evidence I need to perform the necessary <u>Mancuso</u> analysis. Either SJPC can put the data in the record or plaintiff can take jurisdictional discovery limited to the issue of whether SJPC is or is not an arm of the state. I care not. But I expect a full supplemental record to be filed with the court by September 7, 2007.

Dated: July 24, 2007

*[signature]*
U.S.D.J.