USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

JACQUELINE GUARASCIO and CHRISTINE
WILE, as Legal Representatives and Guardians
of the Person of ANTHONY GUARASCIO

        Plaintiffs,

    -against-                              06 Civ. 15185 (CM)

DRAKE ASSOCIATES INC., EIC
ASSOCIATES INC., and SOUTH JERSEY
PORT CORPORATION,

        Defendants.

————————————————————————x

## DECISION AND ORDER DENYING DEFENDANT DRAKE ASSOCIATES INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

McMahon, J.:

This litigation arises out of a diving accident on February 24, 2006 ("the accident"), in which Plaintiffs' ward Anthony Guarascio ("Mr. Guarascio") sustained permanent severe brain damage after his air supply was cut off. Defendant Drake Associates Inc. ("Drake") moves for partial summary judgment on the ground that Mr. Guarascio does not qualify as a "seaman" under the Jones Act.

The Jones Act provides, in pertinent part, that "A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104 (formerly cited as 46 App. U.S.C. § 688).

-1-

The Supreme Court has recognized that there are two requirements for "seaman" status: (1) "an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission,'" and (2) the employee "must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." Chandris, Inc. v. Latsis, 515 U.S. 347, 368, 115 S.Ct. 2172 (1995) (quoting McDermott Int'l Inc. v. Wilander, 498 U.S. 337, 355, 111 S.Ct. 807 (1991) (alteration in original, internal quotation marks omitted)).

An "employment-related connection" to a vessel exists if two conditions are satisfied: (1) the "worker's duties must contribute to the function of the vessel or to the accomplishment of its mission;" and (2) the worker's connection to the vessel must be "substantial in both its duration and its nature." O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 63 (2d Cir. 2002) (quoting Tonnesen v. Yonkers Constructing Co., 82 F.3d 30, 32 n.2 (2d Cir.1996). The former inquiry focuses on "the plaintiff's employment at the time of the injury." Fisher v. Nichols, 81 F.3d 319, 322 (2d Cir.1996). The putative seaman need not "aid in navigation or contribute to the transportation of the vessel, but a seaman must be doing the ship's work." Wilander, 498 U.S. at 355, 111 S.Ct. 807. This is a liberal standard. The Supreme Court has said that "All who work at sea in the service of a ship are eligible for seaman status." Chandris, 515 U.S. at 368, 115 S.Ct. 2172 (emphasis in original; internal quotation marks and citation omitted).

The second inquiry focuses on "whether the plaintiff derives his livelihood from sea-based activities." Fisher, 81 F.3d at 322. The Court has described this inquiry as "status based:" "Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore." Chandris, 515 U.S. at 361, 115 S.Ct. 2172. The

Court has adopted a "rule of thumb" for the ordinary case: "A worker who spends less than 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." Chandris, 515 U.S. at 571, 115 S.Ct. at 2191. However, this figure is simply a "guideline" and departure from it is certainly justified in appropriate cases. Id.

Whether an employee qualifies as a seaman "is a mixed question of law and fact." Harbor Tug & Barge Co. v. Papai, 520 U.S. 548, 554, 117 S.Ct. 1535 (1997). Summary judgment is appropriate "where the facts and the law will reasonably support only one conclusion." Wilander, 498 U.S. at 356, 111 S.Ct. 807; see also Chandris, 515 U.S. at 371, 115 S.Ct. 2172 (noting that summary judgment should be granted "where undisputed facts reveal that a maritime worker has a clearly inadequate temporal connection to vessels in navigation"); O'Hara, 294 F.3d at 63-64. Where, however, "reasonable persons, applying the proper legal standard, could differ as to whether the employee was a 'member of a crew,' it is a question for the jury." Chandris, 515 U.S. at 369, 115 S.Ct. 2190 (quoting Wilander, 498 U.S. at 356, 111 S.Ct. at 818).

Drake admits that Mr. Guarascio performed some Jones Act work and was paid some Jones Act wages during the course of his employment. Mr. Guarascio was hired as a commercial diver, but performed a variety of assignments for Drake, including construction, dock building, maintenance, diving and dive tending. Some of Mr. Guarascio's work at Drake required that he work on or from a vessel, or be transported to a work site on a boat. Plaintiffs contend that Mr. Guarascio's work also involved "crewing" on Drake's fleet of vessels. The open question is whether Mr. Guarascio performed enough of this Jones Act work to qualify as a "seaman" under the Act.

In support of its position that Anthony Guarascio does not qualify as a "seaman," Drake

has submitted the affidavits of Christopher J. Drake (Drake's president) and Linda Valley (Drake's accounting manager from February 2005 through February 2007).[1] Appended to these declarations is a seven-page "summary spreadsheet" prepared by Ms. Valley, which describes the types of jobs Mr. Guarascio worked on, and includes those portions of his total work time apportioned as between "USL&H" and "Jones Act" time.[2]

According to this spreadsheet, 629.5 hours, or 27.2 percent, of Mr. Guarascio's total employment period at Drake was recorded as "Jones Act" time. (Valley Decl. ¶ 24.) Drake argues that this number falls well below the 30 percent threshold. Plaintiffs, relying heavily on the declaration submitted by Anthony Guarascio's brother, John Guarascio (who worked as a diver alongside Anthony), dispute this number, and argue that (1) Drake lost "hundreds" of the diving records regarding Anthony Guarascio's diving, and (2) Drake's calculations based on the records it did have were incorrect in certain respects.

The Court is obviously not bound by Drake's classification of Mr. Guarascio's work.

---

[1] Ms. Valley was also employed by Drake from about 1990 until 2001, during which she served Drake as a business manager, corporate secretary, and executive vice president. She attests that she has been involved in the marine contracting business for over eighteen years and is familiar with the marine contracting jobs undertaken by Drake from approximately 1990 to 2001, and from 2005 to 2007. (Valley Decl. ¶¶ 4, 5.)

[2] Drake carried workers' compensation insurance coverage for compensation liability arising under the Longshore and Harbor Workers Compensation Act ("USL&H") and the Jones Act, as well as under state workers' compensation laws. Each Drake employee was supposed to fill out his or her own time sheets, but "employee time sheets were commonly filled out by the employee's supervisor." (Valley Decl. ¶ 18.) Ms. Valley would then apportion the time recorded in each employee's weekly time sheets between activities covered by Drake's USL&H insurance, activities covered by Drake's Jones Act compensation insurance, and those covered by state law workers' compensation insurance. (Id. ¶ 15.) According to Ms. Valley, the standard she and others at Drake used to make the Jones Act/USL&H apportionment was: "[W]hether and to what extent an employee's time in a given work week involved a vessel or vessels in any way. The extent to which an employee's work involved a vessel or vessels in any way was recorded as 'Jones Act' time." (Id. ¶ 16.)

-4-

Indeed, the Court's review of the sworn statements and spreadsheet reveals that some work that Drake concedes was "clearly in the service of [a] vessel," was not recorded as "Jones Act" time – specifically, the 38 hours that Mr. Guarascio spent working on the Drake dry-docked vessel KATIE D on September 8, 29, and 30, 2004, and October 1 and 22, 2004, was listed as "Construction/Perm Yard" time, not "Jones Act" time. (Valley Decl. Ex. A.) See Sologub v. City of New York, 202 F.3d 175, 180 (2d Cir. 2000) ("A vessel in drydock . . . may still be considered in navigation unless the 'repairs become sufficiently significant that the vessel can no longer be considered in navigation.'") (quoting Chandris, 515 U.S. at 374, 115 S.Ct. 2172)). These 38 hours alone bump Anthony Guarascio's Jones Act time up to approximately 29.4 percent. Further, Drake's own arguments do not foreclose the possibility that Mr. Guarascio may be entitled to an additional 6.25 hours of "Jones Act" time for time spent on a crew boat in transit to and from the job site. (*See* Drake Reply Mem. at 10-11.) After adding these hours to Mr. Guarascio's "Jones Act" time, he is only 7.75 "Jones Act" hours shy of the 30 percent mark.

As stated earlier, 30 percent is merely a guideline, not a bright line cutoff. And Drake has not demonstrated that Mr. Guarascio has a "clearly inadequate temporal connection to vessels in navigation." Chandris, 515 U.S. at 371, 115 S.Ct. 2172. On the contrary: his job was as a commercial diver working from Drake's fleet of vessels, whose function was to serve as a platform for diving. While this court is not prepared to rule at this juncture that a commercial diver is "inherently" a seaman in all cases, [3] or that a diver has an exception to the 30% "rule,

---

[3] The Third Circuit and the Fifth Circuit have found that commercial diving is inherently "maritime in nature as it cannot be done on the land." See Foulk v. Donjon Marine Co., Inc., 144 F.3d 252, 259 (3d Cir. 1998) (citing Wallace v. Oceaneering Int'l, 727 F.2d 427-36 (5th Cir. 1984)). If all of Mr. Guarascio's diving hours were counted as "Jones Act" time (including his dives from land or a pier), he would certainly qualify as a seaman under the Jones Act.

there is at the very least a disputed issue of fact concerning the number of hours Guarascio spent working in connection with vessels in navigation, and the minimum number of hours is close enough to the 30% threshold that it would be inappropriate to award summary judgment. Accordingly, Drake's motion for partial summary judgment is denied.

For the scheduling of further proceedings, please consult the court's companion decision on EIC's motion for summary judgment.

This constitutes the decision and order of the Court.

Dated: September 15, 2008

U.S.D.J.

BY ECF TO ALL COUNSEL